UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
GEORGE CAMPBELL,

                Petitioner,

                                                   **MEMORANDUM & ORDER**

    -against-

                                                    05 CV 4442 (RJD)

UNITED STATES OF AMERICA,

                Respondent.
----------------------------------------------------------X

DEARIE, Chief Judge.

       Petitioner, pro se, challenges his sentence pursuant to 28 U.S.C. § 2255. For the reasons set forth in (i) the government's 115-page Memorandum in Opposition; (ii) the record of proceedings in this Court, and (iii) the Second Circuit decisions issued in petitioner's appeals in this case—where he raised, and the Second Circuit rejected, thirteen of the same claims he now raises in his 2255 motion, see United States v. Campbell, 300 F.3d 202 (2d Cir. 2002) and United States v. Campbell, 88 Fed. Appx. 465 (2d Cir. 2004), petitioner's application for relief is denied, and the petition is dismissed. The nature and history of petitioner's crimes, trial, conviction, sentencing and re-sentencing are thoroughly set forth in the Circuit's thorough discussions and the government's submissions.

       Petitioner's persistence is, literally, remarkable. He appears to be of the belief that relentless repetition and recycling on his part, coupled with the coming to pass of some eventual fortuity (whether it be reassignment of his case to a different prosecutor or a judge other than the one who presided over his trial, or perhaps the mere passage of time itself), can transform his unequivocally meritless claims into constitutional violations warranting his release. The vehicle

of collateral review of federal convictions was never intended to be so misused.

The Court notes in particular its agreement with the government's sorting of petitioner's claims: all but one of petitioner's twenty-one grounds have either been fully rejected by the Second Circuit, or are procedurally defaulted, and are therefore not subject to section 2255 review. See Gov't Mem. at 49-52. The sole claim susceptible to collateral review is petitioner's assertion that his sentencing and appellate counsel was ineffective (the third of his appointed attorneys to be the subject of such a claim); the Court adopts the discussion of the six frivolous branches of this claim in the government's memorandum, see Gov't Mem. at 52-67, and concludes that petitioner has failed to satisfy either the deficient performance or prejudice prongs of the constitutional test for ineffectiveness. Strickland v. Washington, 466 U.S. 668 (1984).

## Conclusion

The application for relief under section 2255 is denied, and the petition is dismissed. A certificate of appealability will not issue. The Clerk of Court is directed to close the case.

SO ORDERED.

Dated: Brooklyn, New York
March 31, 2009

s/ Judge Raymond J. Dearie

RAYMOND J. DEARIE
United States District Judge